J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie S. Wang (SBN 243027)
annie@coombspc.com
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiffs Deckers Outdoor
Corporation and Nike, Inc.

FILED
CLERK, U.S. DISTRICT COURT

NOV 1 8 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Deckers Outdoor Corporation and Nike,
Inc.,

                        Plaintiffs,

        v.

Zheng Liu a/k/a Jeff Liu a/k/a Allen Bae,
an individual and d/b/a
www.bigtimekicks.com and Does 1 – 10,
inclusive,

                        Defendants.

Case No. CV10-8897 DMG (Ex)

COMPLAINT FOR TRADEMARK
INFRINGEMENT, TRADEMARK
DILUTION AND UNFAIR
COMPETITION

DEMAND FOR JURY TRIAL

Plaintiffs Deckers Outdoor Corporation ("Deckers") and Nike, Inc. ("Nike")
(collectively "Plaintiffs") allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this
action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28
U.S.C. § 1338(a) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims
in this action that arise under the law of the State of California pursuant to 28 U.S.C.

§ 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). The Defendants offered and sold products that are the subject of this litigation in the Central District of California.  The claims alleged in this action arose in the Central District of California.

## INTRODUCTION

3.    This action has been filed by Plaintiffs to combat the willful sale of unlicensed and counterfeit products ("Infringing Product"), specifically including their core product of shoes, and boots bearing Plaintiffs' respective exclusive trademarks (the Plaintiffs' Trademarks").  Defendants in this action are sellers of counterfeit Nike branded shoes and counterfeit Deckers UGG® boots through Internet sites, including but not necessarily limited to www.bigtimekicks.com (the "Website").  Through such active manufacturing, purchasing, distributing, offering of sale and selling such unlicensed and counterfeit footwear, the Plaintiffs' Trademarks are irreparably damaged through consumer confusion, dilution and tarnishment of its valuable trademarks.

4.    Plaintiffs seek a permanent injunction, damages, costs and attorney's fees as authorized by the Lanham Act and California law.

## THE PARTIES

5.    Deckers is a Delaware corporation that designs and markets footwear. Its principal place of business is at Goleta, California.

6.    Nike is a corporation duly organized and existing under the laws of the State of Oregon having its principal place of business in Beaverton, Oregon.  Nike is qualified to do business in the State of California and both directly and through its

wholly owned affiliated companies is engaged in a variety of businesses in the City and County of Los Angeles.

7.      Defendant Zheng Liu also known as Jeff Liu also known as Allen Bae ("Liu") is an individual and doing business as www.bigtimekicks.com and is a resident of the city of Fremont, State of California.  Liu transacts business as www.bigtimekicks.com by selling, offering for sale, importing, advertising and distributing the Infringing Product in this judicial district.

8.      Plaintiffs are informed and believe, and upon that basis allege, that defendants John Does 1-10 are entities or individuals who transact business in this judicial district and are subject to the jurisdiction of this Court.  Plaintiffs are informed and believe, and upon that basis allege, that Does 1-10 are entities or individuals who are manufacturing, distributing, importing, displaying, advertising, promoting, selling and/or offering for sale, merchandise in this judicial district which infringes the Plaintiffs' Trademarks.  The identities of the various Does are unknown to Plaintiffs at this time.  Upon information and belief, said fictitiously named defendants are liable to Plaintiffs on the basis of the same allegations made herein against Does.  Plaintiffs will seek leave to amend this Complaint to insert the true names and capacities when the same are ascertained.  Liu and Does 1-10 are collectively referred to herein as "Defendants".

## FACTUAL BACKGROUND

9.      Nike is engaged in the manufacture, design and sale of footwear, apparel and related accessories. Among other products, Nike manufactures, sells and distributes basketball and running shoes. Products manufactured and sold by Nike are sold bearing the "NIKE" mark, or an arbitrary and distinctive emblem which has come to be known as the "Swoosh Design," or a composite mark consisting of the word "NIKE" and the "Swoosh Design." Nike utilized these marks on shoes and apparel as trademarks of Nike's high quality products. Nike also developed and

utilized the "Nike Air" and "Just Do It" marks as a trademark for its shoes and apparel. Nike sells in excess of $13,000,000,000 a year in merchandise bearing its distinctive trademarks.

10.    All products noted above are sold with the "NIKE," "Swoosh Design" or composite "NIKE" and "Swoosh Design" marks. Nike adopted and used the "NIKE" and "Swoosh Design" marks in 1971. Nike registered the "NIKE" mark in block letters on November 2, 1982, Registration No. 1,214,930 in class 25 for footwear. Nike registered the "Swoosh Design" on March 5, 1985, Registration No. 1,323,343 in class 25 for footwear. Nike registered the composite mark of "NIKE" and the "Swoosh Design" Registration No. 1,325,938 on March 19, 1985, for in class 25 for footwear. And, Nike has registered the "NIKE AIR with Swoosh device" mark, Registration No. 1,284,386 on July 3, 1984 for footwear in class 25; the "AIR JORDAN" design, Registration No. 1,370,283 on November 12, 1985 for footwear and apparel in class 25; the "AIR JORDAN" design, Registration No. 1,742,019 on December 22, 1992 for apparel and sports bags, backpacks and apparel in classes 18 and 25; the "JUMP MAN" device, Registration No. 1,558,100 on September 26, 1989 in class 25 for footwear and apparel; and the "JUST DO IT" mark, Registration No. 1,875,307 on January 24, 1995 in class 25 for apparel.  These are some, but by no means all, of Nike's federal trademark registrations.  Each of the Nike Trademarks have been registered with the United States Patent and Trademark Office pursuant to the Lanham Act (15 U.S.C. § 1051).  A list of Nike's federal trademark registrations are attached hereto as Exhibit "A".  (The trademarks identified in Exhibit "A" are collectively referred to herein as the "Nike Trademarks.")  All of the Nike Trademarks are current and in full force and effect. Many of the marks have become incontestable pursuant to 15 U.S.C. § 1065. Additionally, all of the Nike Trademarks qualify as famous marks pursuant to 15 U.S.C. § 1125.

11.    Deckers is known in the trade as "UGG Australia" and has become well known throughout the United States and elsewhere as a source of high quality footwear products, including the UGG® brand of premium sheepskin footwear. Deckers' UGG® products are distributed and sold to consumers through retailers throughout the United States and through Deckers' www.uggaustralia.com website.

12.    Since acquiring the UGG® trademark and the goodwill of the business in 1995, Deckers has continuously sold footwear and clothing under the UGG® brand. Deckers has built substantial goodwill in the UGG® brand. The UGG® brand is famous and a valuable asset of Deckers.

13.    Deckers has adopted, used and owns the "UGG" or UGG® trademark for footwear. Deckers is the owner of U.S. Trademark Registration No. 3,050,925 for its "UGG" or UGG® trademark ("the UGG registered trademark"). The "UGG" or UGG® trademark has been used continuously since at least as early as 1979 by Deckers and its predecessors in interest. A true and correct printout of the details of this registration is attached hereto as Exhibit "B". The registration is valid and subsisting.

14.    Deckers has adopted and used and owns the Sun Logo trademark ("Sun Logo registered trademark") in connection with its UGG® brand of footwear:



Deckers is the owner of U.S. Trademark Registration No. 2,314,853 for its Sun Logo registered trademark. The Sun Logo registered trademark has been used continuously since at least as early as March 1997 in connection with footwear and clothing. A true and correct printout of the details of this registration is attached hereto as Exhibit "C". The registration is valid, subsisting and incontestable under 15 U.S.C. § 1065. The UGG registered trademark and the Sun Logo registered trademark are collectively referred to as the Deckers Trademarks. The Nike

Trademarks and the Deckers Trademarks are collectively referred to as the Plaintiffs' Trademarks.

15.    The Plaintiffs' Trademarks are distinctive when applied to the high quality apparel, footwear and related merchandise signify to the purchaser that the products come from each of the Plaintiffs and are manufactured to the highest quality standard. Whether each Plaintiff manufactures the products itself, or licenses others to do it, Plaintiffs have insured that products bearing its trademarks are manufactured to such standards. Plaintiffs' products have been widely accepted by the public and are enormously popular, as demonstrated by millions of dollars of sales each year.

16.    This enormous popularity is not without cost, as evidenced by the increasing number of counterfeiters in the United States and around the world. Indeed, it is a modern irony that companies measure success by the extent of their counterfeiting problem.

## DEFENDANTS' UNLAWFUL CONDUCT

17.    Defendants are engaged in the manufacture, purchase, distribution, offering for sale and/or sale of counterfeit and/or infringing footwear bearing the Plaintiffs' Trademarks to the general public. Defendants do so using the Website.

18.    Plaintiffs are informed and believe and based thereon allege that Defendants processes purchases of counterfeit and infringing footwear incorporating likenesses of one or more of the Plaintiffs' Trademarks.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement)

19.    Plaintiffs hereby repeat and allege the allegations set forth in paragraphs 1 through 18 above, as if set forth fully herein.

20.    Plaintiffs' claim arises under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, for infringement of registered and unregistered marks.

21.     Plaintiffs own exclusive trademark rights to those trademarks alleged hereinabove.  All of the trademark registrations are in full force and effect.  In many instances the trademarks have become incontestable pursuant to 15 U.S.C. § 1065.

22.     All advertising and products, including apparel, footwear, watches, jewelry and related merchandise, which have been sold by Plaintiffs, or under their authority, have been manufactured and distributed in conformity with the provisions of the United States trademark law.

23.     Notwithstanding Plaintiffs' well known and prior common law and statutory rights in the Plaintiffs' Trademarks, Defendants have, with actual and constructive notice of Plaintiffs' federal registration rights, and long after Plaintiffs established their respective rights in the Plaintiffs' Trademarks, adopted and used the Plaintiffs' Trademarks in conjunction with the manufacture, purchase, distribution, offer of sale and/or sale of footwear in the State of California and in interstate commerce.

24.     Defendants have caused to be imported, distributed, offered for sale and sold footwear bearing one or more of the Plaintiffs' Trademarks without the authorization of Plaintiffs.  Defendants' manufacture, purchase, distribution, offer for sale and/or sale of footwear and related merchandise bearing the Plaintiffs' Trademarks in California, and in interstate commerce has and is likely to cause confusion, deception and mistake or to deceive as to the source and origin of the footwear and related merchandise in that the buying public will conclude that the products sold by Defendants are authorized, sponsored, approved or associated with Plaintiffs.

25.     Such confusion, deception and mistake has occurred as a direct result of Defendants' display, advertising and promotion of the infringing and counterfeit footwear and other merchandise.

26.     Upon information and belief, Defendants' activities have also caused actual confusion with consumers as to the source and origin of such footwear and other merchandise.

27.     Defendants' infringing activities will cause irreparable injury to Plaintiffs if Defendants are not restrained by the Court from further violation of Plaintiffs' rights, as Plaintiffs have no adequate remedy at law.

28.     Plaintiffs have suffered damages as a result of the aforesaid acts. Defendants have profited from their unlawful activities.  Unless Defendants' conduct is enjoined, Plaintiffs and their goodwill and reputation will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.  Accordingly, Plaintiffs seek preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

29.     Defendants' use in commerce of the Plaintiffs' Trademarks in the sale of footwear and related merchandise is an infringement of Plaintiffs' registered trademarks in violation of 15 U.S.C. §§ 1114(1) and 1125.

30.     Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to injure Plaintiffs and their businesses.  Accordingly, Plaintiffs are entitled to a judgment of three times their damages and Defendants' profits, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

31.     In order to determine the full extent of such damages, including such profits, Plaintiffs will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the infringing footwear as alleged herein.

32.     The unlicensed footwear bearing the Plaintiffs' Trademarks, which was sold, distributed and offered for sale by Defendants constitutes counterfeit products pursuant to 15 U.S.C. § 1116(d).

## SECOND CLAIM FOR RELIEF

### (Lanham Act - Unfair Competition)

33.   Plaintiffs hereby repeat and reallege the allegations set forth in paragraphs 1 through 32 above, as if set forth fully herein.

34.   Plaintiffs' claim arises under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and (d) for false designation of origin and false descriptions and representations in interstate commerce.

35.   As a direct result of Plaintiffs' longstanding use, sales, advertising and marketing, the Plaintiffs' Trademarks have acquired secondary and distinctive meaning among the public who have come to identify the Plaintiffs' Trademarks with Plaintiffs and their respective products.

36.   The unauthorized and counterfeit footwear and related merchandise which has been manufactured, purchased, distributed, offered for sale and/or sold by Defendants, duplicates and appropriates the Plaintiffs' Trademarks in order to delude and confuse the public into believing that such footwear and related merchandise are authorized, sponsored, approved or associated with Plaintiffs.

37.   Defendants, by misappropriating and using the likenesses of the Plaintiffs' Trademarks in connection with the sale of such products, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their products.  Defendants have caused such products to enter into interstate commerce willfully, with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products are authorized or emanate from Plaintiffs.

38.   Such confusion, deception and mistake has occurred as a direct result of Defendants' display, advertising and promotion of the infringing and counterfeit footwear.

39.    Defendants' use in commerce of the Plaintiffs' Trademarks in the sale of footwear and related merchandise is an infringement of Plaintiffs' registered trademarks in violation of 15 U.S.C. § 1125.

40.    Defendants have profited from their unlawful activities.  Unless Defendants' conduct is enjoined, Plaintiffs and their goodwill and reputation will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.  Accordingly, Plaintiffs seek preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

41.    Plaintiffs have suffered monetary damages as a result of Defendants' acts.  In order to determine the full extent of such damages, including such profits as may be recoverable; Plaintiffs will require an accounting from Defendants of all monies generated from the manufacture, importation, distribution and/or sale of the infringing footwear as alleged herein.

42.    Accordingly, Plaintiffs are entitled to a judgment of three times their damages and Defendants' profits, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

### (Lanham Act - Dilution of Famous Mark)

43.    Plaintiffs hereby repeat and reallege the allegations set forth in paragraphs 1 through 42 above, as if set forth fully herein.

44.    Plaintiffs' claim arises under Section 43 of the Lanham Act, 15 U.S.C. § 1125(c).

45.    As a result of Plaintiffs' continuous promotion of their products in conjunction with the Plaintiffs' Trademarks, the Plaintiffs' Trademarks have become recognized as distinctive and famous trademarks.

46.    Defendants' use in commerce of the Plaintiffs' Trademarks began after the Plaintiffs' Trademarks had become famous and has caused dilution of the

distinctive quality of the marks.  Such conduct has caused injury to Plaintiffs pursuant to 15 U.S.C. § 1125(c).

47.    Such dilution has occurred as a direct result of Defendants' display, advertising and promotion of the infringing and counterfeit footwear and other merchandise.

48.    Defendants willfully intended to trade on Plaintiffs' reputation and/or to cause dilution of the famous trademarks.  Accordingly, Plaintiffs are entitled to recover their damages, as well as Defendants' profits received as a result of the infringement, pursuant to 15 U.S.C. § 1117(a).

49.    Unless Defendants' conduct is enjoined, Plaintiffs and their goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.  Accordingly, Plaintiffs seek permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c) (1).

## FOURTH CLAIM FOR RELIEF

### (For Unfair Competition – California Law)

50.    Plaintiffs hereby repeat and reallege the allegations set forth in paragraphs 1 through 49, above, as if set forth fully herein.

51.    The Plaintiffs' Trademarks have acquired secondary meaning indicative of origin, relationship, sponsorship and/or association with Plaintiffs.  The purchasing public is likely to attribute to Plaintiffs the use by Defendants of the Plaintiffs' Trademarks or any of them, as a source of origin, authorization and/or sponsorship for Defendants' goods and therefore to purchase such goods based upon that erroneous belief.

52.    Plaintiffs are informed and believe, and upon that basis allege, that Defendants have intentionally appropriated the Plaintiffs' Trademarks with the intent of causing confusion, mistake and deception as to the source of their goods and with the intent to palm off such goods as those of Plaintiffs and, as such, Defendants have

committed trademark infringement, misleading advertising and unfair competition, all in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

53.    Defendants' appropriation, adoption and use of one or more of the Plaintiffs' Trademarks, including the sale and offering for sale of infringing and counterfeit footwear bearing or using one or more of the Plaintiffs' Trademarks in connection with the provision of goods is likely to cause confusion between Defendants' infringing and counterfeit product and the goods authorized and licensed by the Plaintiffs, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

54.    Plaintiffs are informed and believe, and upon that basis allege, that these deceptive, unfair and fraudulent practices have been undertaken with knowledge by Defendants of their wrongfulness.  Plaintiffs are informed and believe, and upon that basis allege, that Defendants' use of Plaintiffs' Trademarks is for the willful and calculated purpose of misappropriating Plaintiff's goodwill and business reputation, at Plaintiffs' expense and at no expense to Defendants.  By taking one or more of the Plaintiffs' Trademarks, Plaintiffs have been deprived of an opportunity to conduct business using their trademarks and deprived of the right to control the use of their trademarks and Defendants have been unjustly enriched.

55.    Plaintiffs have no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of Defendants' acts in an amount thus far not determined but within the jurisdiction of this Court.

56.    Plaintiffs are informed and believe, and upon that basis allege, that unless enjoined by the Court, the confusion and deception alleged herein and the likelihood thereof will continue with irreparable harm and damage to Plaintiffs.

57.    Plaintiffs are informed and believe, and upon that basis allege, that Defendants have unlawfully and wrongfully derived and will continue to derive

income, gains, profits and advantages as a result of their wrongful acts of unfair competition, in amounts thus far not determined but within the jurisdiction of this Court.  Plaintiffs are informed and believe, and upon that basis allege, that they have lost and will continue to lose profits and goodwill as a result of Defendants' conduct.

58.     By reason of the foregoing acts of unfair competition, Plaintiffs are entitled to restitution from Defendants of all income, gains, profits and advantages resulting from their wrongful conduct in amounts to be determined according to proof at trial.

59.     In order to determine the full extent of such damages, including such profits as may be recoverable; Plaintiffs will require an accounting from Defendants of all monies generated from the manufacture, importation, distribution and/or sale of the infringing product.

60.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Plaintiffs in their business and with conscious disregard for Plaintiffs' rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

### FIFTH CLAIM FOR RELIEF
### (Dilution under California Law)

61.     Plaintiffs hereby repeat and reallege the allegations set forth in paragraphs 1 through 60 above, as if set forth fully herein.

62.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants' acts have caused a likelihood of injury to Plaintiffs' goodwill and business reputation, impaired the effectiveness of Plaintiffs' Trademarks and diluted their distinctive trade names and trademarks.

63.     Plaintiffs are informed and believe, and upon that basis allege, that

Defendants' acts violate the trademark laws of the State of California and, specifically, California Business and Professions Code, § 14330.

64.     Plaintiffs have no adequate remedy at law and Defendants' conduct, if not enjoined, will continue to cause irreparable damage to Plaintiffs' rights in their respective trademarks, trade name, reputation and goodwill.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants as follows:

1)      Permanent injunctive relief restraining Defendants, their officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

a)      further infringing the Plaintiffs' Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Plaintiffs, including, but not limited to footwear and related merchandise, bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any of the Plaintiffs' Trademarks ("Unauthorized Products");

b)      using any simulation, reproduction, counterfeit, copy or colorable imitation of any of the Plaintiffs' Trademarks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of Unauthorized Products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiffs, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiffs;

c)      making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which

can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by Defendants are in any manner associated or connected with Plaintiffs, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs;

d)   engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of any of Plaintiffs' trademarks or of Plaintiffs' rights in, or to use or to exploit, said trademarks, or constituting any dilution of any of Plaintiffs' names, reputations, or good will;

e)   effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (d);

f)   secreting, destroying, altering, removing or otherwise dealing with the Unauthorized Products or any books or records which may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting or displaying of all unauthorized products which infringe any of Plaintiffs' Trademarks; and,

g)   aiding, abetting, contributing to or otherwise assisting anyone from infringing upon Plaintiffs' Trademarks.

2)   Directing that Defendants deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of Plaintiffs' Trademarks or any simulation,

reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

3) Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Plaintiffs, or related in any way to Plaintiffs' products.

4) That Plaintiffs be awarded from Defendants, as a result of Defendants' sale of Unauthorized Products bearing the Plaintiffs' Trademarks, three times Plaintiffs' damages there from and three times of each of Defendants' profits there from, after an accounting, or, in the alternative statutory damages, should Plaintiffs opt for such relief, consisting of Two Hundred Thousand Dollars ($200,000.00) for each of the Plaintiffs' Trademarks infringed upon by each of the Defendants, and to the extent this Court concludes such infringement was willful, Two Million Dollars ($2,000,000), for each of the Plaintiffs' Trademarks infringed upon by each of the Defendants, pursuant to 15 U.S.C. § 1114 and § 1117.

5) That Plaintiffs be awarded from Defendants three times Plaintiffs' damages there from and three times Defendants' profits there from, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117.

6) That Plaintiffs' be awarded their reasonable attorney's fees and investigative fees pursuant to 15 U.S.C. § 1117 and 17 U.S.C. §505.

7) That Plaintiffs be awarded punitive damages for Defendants' willful acts of unfair competition under California law.

/ / /

/ / /

8)   That Plaintiffs be awarded their costs in bringing this action.

9)   That Plaintiffs have such other and further relief that this Court deems just.

Dated:  November ⅃, 2010                J. Andrew Coombs, A Professional Corp.


By:    J. Andrew Coombs
         Annie S. Wang
Attorneys for Plaintiffs Deckers Outdoor
Corporation and Nike, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs Deckers Outdoor

Corporation and Nike, Inc. hereby demand a trial by jury of all issues so triable.

Dated:  November ⸤, 2010          J. Andrew Coombs, A Professional Corp.

By:      J. Andrew Coombs
         Annie S. Wang
         Attorneys for Plaintiffs Deckers Outdoor
         Corporation and Nike, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

Nike Registrations
International Class 25

| Trademark | Registration Number | Registration Date |
|---|---|---|
| Swoosh® Design | 977,190 | January 22, 1974 |
| Nike® | 1,277,066 | May 8, 1984 |
| Swoosh® Design | 1,284,385 | July 3, 1984 |
| Nike® and Swoosh® Design | 1,237,469 | May 10, 1983 |
| Nike Air® | 1,571,066 | December 12, 1989 |
| Air Jordan® Design | 1,742,019 | December 22, 1992 (Class 18 and 25) |
| Just Do It® | 1,875,307 | January 24, 1995 |
| Nike® | 2,196,735 | October 13, 1998 (Class 14) |
| Nike® and Swoosh® Design | 2,209,815 | December 8, 1998 (Class 14) |
| AIR-SOLE | 1,145,812 | January 13, 1981 |
| SWOOSH | 1,200,529 | July 6, 1982 |
| NIKE | 1,214,930 | November 2, 1982 |
| NIKE AIR w/Swoosh device | 1,284,386 | July 3, 1984 |
| NIKE AIR | 1,307,123 | November 27, 1984 |
| Swoosh device on shoe | 1,323,342 | March 5, 1985 |
| Swoosh device | 1,323,343 | March 5, 1985 |
| NIKE w/Swoosh device | 1,325,938 | March 19, 1985 |
| AIR JORDAN | 1,370,283 | November 12, 1985 |
| AIR MAX | 1,508,348 | October 11, 1988 |
| AIR TRAINER | 1,508,360 | October 11, 1988 |
| Jump Man device | 1,558,100 | September 26, 1989 |
| AIR SKYLON | 1,665,479 | November 19, 1991 |
| AIR SOLO FLIGHT | 1,668,590 | December 17, 1991 |
| AIR FLIGHT | 1,686,515 | May 12, 1992 |
| AIR DESCHUTZ | 1,735,721 | November 24, 1992 |
| AIR TRAINER MAX | 1,789,463 | August 24, 1993 |
| RUNWALK device | 1,877,672 | February 7, 1995 |
| NIKE GOLF | 1,944,436 | December 26, 1995 |
| NIKE REGRIND | 2,022,321 | December 10, 1996 |

| | | |
|---|---|---|
| AIRMAX in oval | 2,030,750 | January 14, 1997 |
| AIR UPTEMPO in crest | 2,032,582 | January 21, 1997 |
| NIKE REGRIND in crest | 2,042,940 | March 11, 1997 |
| AIR with Swoosh device | 2,068,075 | June 3, 1997 |
| NIKE with Swoosh device | 2,104,329 | October 7, 1997 |
| ACG NIKE in triangle | 2,117,273 | December 2, 1997 |
| Stylized "B" | 2,476,882 | August 14, 2001 |
| NIKE ALPHA PROJECT as device | 2,517,735 | December 11, 2001 |
| Ellipses device | 2,521,178 | December 18, 2001 |
| STORM-FIT | 2,551,655 | March 26, 2002 |
| Baseballer silhouette device | 2,571,726 | May 21, 2002 |
| Reverse "Z" in rectangle device | 2,584,382 | June 25, 2002 |
| NIKE GOLF with crest | 2,628.587 | October 1, 2002 |
| WAFFLE RACER | 2,652,318 | November 19, 2002 |
| PHYLITE | 2,657,832 | December 10, 2002 |
| TRUNNER | 2,663,568 | December 17, 2002 |
| DRI-STAR | 2,691,476 | February 25, 2003 |
| BOING | 2,735,172 | July 8, 2003 |
| Swoosh with clubs crest | 2,753,357 | August 19, 2003 |
| PRESTO | 2,716,140 | May 13, 2003 |
| FOOTENT | 2,798,233 | December 23, 2003 |
| FOOTENT in device | 2,798,234 | December 23, 2003 |
| TRIAX | 2,810,679 | February 3, 2004 |
| R9 | 2,843,275 | May 18, 2004 |
| WAFFLE TRAINER | 2,893,674 | October 12, 2004 |
| THERMA-STAR | 2,960,844 | June 7, 2005 |
| NIKE SHOX | 2,970,902 | July 19, 2005 |
| Basketball player outline | 2,977,850 | July 26, 2005 |
| STAR FLEX | 3,002,455 | September 27, 2005 |
| 10//2 in rectangle | 3,057,889 | February 7, 2006 |
| NIKEFREE | 3,087,455 | May 2, 2006 |
| AIR FORCE I | 3,520,484 | October 21, 2008 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT B**

## UGG U.S. Registration No. 3,050,925

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 3,050,925

## United States Patent and Trademark Office

Registered Jan. 24, 2006

TRADEMARK
**PRINCIPAL REGISTER**

DECKERS OUTDOOR CORPORATION (DELA-
WARE CORPORATION)
495-A SOUTH FAIRVIEW AVENUE
GOLETA, CA 93117

FOR: MEN'S, WOMEN'S AND CHILDREN'S
FOOTWEAR, NAMELY, BOOTS, SHOES, CLOGS,
SLIPPERS; MEN'S, WOMEN'S AND CHILDREN'S
CLOTHING, NAMELY, COATS, JACKETS,
PONCHOS; WOMEN'S CLOTHING, NAMELY,
SKIRTS, MUFFS; CHILDREN'S BUNTINGS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-28-1979; IN COMMERCE 12-28-1979.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-976,129, FILED 1-21-2005.

BARBARA A. LOUGHRAN, EXAMINING ATTOR-
NEY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT C**

## Sun Logo U.S. Registration No. 2,314,853

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,314,853

Registered Feb. 1, 2000

## TRADEMARK
### PRINCIPAL REGISTER



WELLS FARGO BANK, N.A. (CALIFORNIA NA-
   TIONAL BANKING ASSOCIATION)
495-A S. FAIRVIEW
GOLETA, CA 93117 BY ASSIGNMENT UGG HOLD-
   INGS, INC. (CALIFORNIA    CORPORATION)
   GOLETA, CA 93117

FOR: FOOTWEAR, IN CLASS 25 (U.S. CLS. 22
AND 39).
   FIRST USE 10–0–1996; IN COMMERCE 3–0–1997.

SN 75–249,238, FILED 2–28–1997.

GEORGE LORENZO, EXAMINING ATTORNEY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV10- 8897 DMG (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

```
J. Andrew Coombs  (SBN 123881)
Annie S. Wang (SBN 243027)
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:  (818) 500-3201
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deckers Outdoor Corporation, et al.,<br><br><br>Plaintiff(s)<br><br>v.<br><br>Zheng Liu (see attachment)<br><br><br>Defendant(s) | CASE NUMBER:<br>CV10-8897 DMG (Ex)<br><br><br>**SUMMONS** |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
J. Andrew Coombs _____ , whose address is:

```
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
```

an answer to the ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within ___21___ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint.

CLERK, U.S. DISTRICT COURT

Date: 11-18-10

By: **TANYA DURANT**
Deputy Clerk

*(Seal of the Court)*

1188

**SUMMONS**

CV-1A (01/01)

## SUMMONS ATTACHMENT

Deckers Outdoor Corporation and Nike, Inc.,

Plaintiffs,

v.

Zheng Liu a/k/a Jeff Liu a/k/a Allen Bae, an individual and d/b/a
www.bigtimekicks.com and Does 1 – 10, inclusive,

Defendants.

## CIVIL COVER SHEET

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Deckers Outdoor Corporation and Nike, Inc. | Zheng Liu a/k/a Jeff Liu a/k/a Allen Bae, an individual and d/b/a www.bigtimekicks.com and Does 1 – 10, inclusive, |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Santa Barbara
   ( EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
   (IN U.S. PLAINTIFF CASES ONLY)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

J. Andrew Coombs (SBN 123881) / Annie S. Wang (SBN 243027)
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202, Glendale, California 91206
Telephone: (818) 500-3200 / Facsimile: (818) 500-3201

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government   Plaintiff

☒ 3 Federal Question
   (U.S. Government Not a Party)

☐ 2 U.S. Government   Defendant

☐ 4 Diversity
   (Indicate Citizenship of Parties In Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
(For Diversity Cases Only)   FOR PLAINTIFF AND ONE FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multi-district Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   Check YES only if demanded in complaint: JURY DEMAND: ☒ YES   ☐ NO

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Trademark infringement 15 U.S.C. §§ 1051, et seq.

### VII. NATURE OF SUIT   (PLACE AN x IN ONE BOX ONLY)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL INJURY | FORFEITURE / PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☒ 840 Trademark |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety /Health | SOCIAL SECURITY |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | LABOR | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Information Act | ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus/ Other | | |
| ☐ 890 Other Statutory Actions | ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | | ☐ 555 Prison Condition | | |

### VIII(a). IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed? ☐ YES  ☒ NO

If yes, list case number(s): _____

CV10-8897
COPY

| CV-71   (10/01) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

FOR OFFICE USE ONLY:   ☐ Pro Hac Vice fee:   ☐ paid   ☐ not paid
   Applying IFP _____   Judge _____   Mag. Judge _____

CIVIL COVER SHEET
(Reverse Side)

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b).  RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐YES ☒NO

If yes, list case number(s): _____

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:
(CHECK ALL BOXES THAT APPLY)  ☐ A.  Appear to arise from the same or substantially identical transactions, happenings, or events;

  ☐ B.  Involve the same or substantially the same parties or property;

  ☐ C.  Involve the same patent, trademark or copyright;

  ☐ D.  Call for determination of the same or substantially identical questions of law, or

  ☐ E.  Likely for other reasons  may entail unnecessary duplication of labor if heard by different judges.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

  Santa Barbara and Oregon

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

  Alameda County

List the California County, or  State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
**NOTE:** In land condemnation cases, use the location of the tract of land involved.

  Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER): X** _____  Date 11-16-10

**NOTICE TO COUNSEL/PARTIES:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |